20-963
*Ventura-De Argueta v. Garland*

BIA
Christensen, IJ
A089 101 676
A202 080 325/326

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.   CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15ᵗʰ day of November, two thousand twenty-two.

PRESENT:
JON O. NEWMAN,
WILLIAM J. NARDINI,
BETH ROBINSON,
*Circuit Judges.*

———————————————————————

YOLANDA VENTURA-DE ARGUETA, AKA YOLANDA ELIZABETH VENTURA-LUNA, AKA YOLANDA LUNA VENTURA, AKA JUANA ELIZABETH VENTURA GUEBARA, SIFREDO RAMOS-VENTURA, DILAN ARGUETA-VENTURA,
*Petitioners*,

v.                                                                              No. 20-963

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
*Respondent*.

———————————————————————

For Petitioners:                    KAI W. DE GRAAF, Esq., Ada, MI.

For Respondent:                    KEVIN J. CONWAY, Trial Attorney (Jennifer B. Dickey, Acting Assistant Attorney General; Paul Fiorino, Senior Litigation Counsel, *on the brief*), for Office of Immigration Litigation, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioners Yolanda Ventura-De Argueta (Ventura), Sifredo Ramos-Ventura, and Dilan Argueta-Ventura, natives and citizens of El Salvador, seek review of a March 6, 2020, decision of the BIA affirming an April 12, 2018, decision of an Immigration Judge (IJ) denying asylum, withholding of removal, and relief under the Convention Against Torture (CAT). *In re Yolanda Ventura-De Argueta, Sifredo Ramos-Ventura, Dilan Argueta-Ventura*, Nos. A089 101 676, A202 080 325/326 (B.I.A. Mar. 6, 2020), *aff'g* Nos. A089 101 676, A202 080 325/326 (Immig. Ct. N.Y. City Apr. 12, 2018). We assume the parties' familiarity with the case.

"Where the BIA adopts the decision of the IJ and merely supplements the IJ's decision, . . . we review the decision of the IJ as supplemented by the BIA." *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings for substantial evidence and questions of law *de novo*. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).[1]

---

[1] We note that in general, we lack jurisdiction over petitions, such as Ventura's, seeking review of the BIA's decision to deny withholding of removal following reinstatement of a prior order of removal when the petition is filed more than thirty days from the reinstatement decision. *See Bhaktibhai-Patel v. Garland*, 32 F.4th 180, 183–84 (2d Cir. 2022). In this case, however, the agency consolidated Ventura's case with those of her sons, in which it did enter final orders of removal that we have jurisdiction to review, raising the question of whether—in light of the consolidation—we have jurisdiction to review all claims, including Ventura's, or only the claims over which we would

Ventura testified that she was raped in El Salvador in 1997 and that she fears the rapist wants to kill her because his daughter died while he was imprisoned; she also asserts that gang members attacked her eldest son, who is not a party to this petition, and threatened the rest of the family because that son refused to join the gang. We hold that the agency did not err in finding that Petitioners failed to establish their eligibility for the relief they each seek: withholding of removal and protection under the CAT for Ventura; and asylum, withholding of removal, and protection under the CAT for her sons.[2]

\* \* \*

To demonstrate eligibility for asylum, an applicant must show that she has a well-founded fear of persecution in her country of nationality, and that "at least one central reason for" the persecution will be her "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* §§ 1101(a)(42), 1231(b)(3)(A). An applicant who "ha[s] suffered past persecution . . . on account of" a protected ground is entitled to a rebuttable presumption of future persecution. 8 C.F.R. § 1208.16(b)(1)(i). Obtaining withholding of removal, however, requires the heightened showing that the applicant's "life or freedom would be threatened in the proposed country of removal on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 C.F.R. § 1208.16(b).

Here, the agency reasonably found that Ventura's rape did not constitute past persecution on account of a protected ground because she did not show that her rapist's motivation was

---

ordinarily have jurisdiction if the agency had not consolidated the cases. We need not decide this question, however, because when "the jurisdictional constraint[] [is] imposed by statute, not the Constitution," as it is here, we may "assume hypothetical jurisdiction" and dispose of the case on the merits. *Butcher v. Wendt*, 975 F.3d 236, 242 (2d Cir. 2020) (citation omitted). Because the "jurisdictional issue[] [is] complex and the substance of the claim is plainly without merit," we exercise hypothetical jurisdiction to deny the petition for review with respect to Ventura. *Id.* at 242–43.

[2] Ventura is not eligible for asylum because she is subject to a reinstated removal order. *See Herrera-Molina v. Holder*, 597 F.3d 128, 138–39 (2d Cir. 2010).

3

anything other than criminal. *See Paloka v. Holder*, 762 F.3d 191, 196–97 (2d Cir. 2014) ("Whether the requisite nexus exists depends on the views and motives of the persecutor.") (quotation marks omitted); *Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) ("When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group.'"). Ventura did not provide any evidence to support her belief that her rapist was involved in the targeting of her eldest son for gang recruitment.

The agency's conclusion that Petitioners did not establish that gang members targeted them on account of their political opinion or membership in a cognizable social group is also supported by substantial evidence. According to Petitioners, the gang members attacked Ventura's eldest son and threatened Ventura on account of her son's refusal to join the gang rather than their family membership or their ideological opposition to the gang. Once again, this conduct is "ordinary criminal[ity]" rather than persecution based on a protected characteristic. *Ucelo-Gomez*, 509 F.3d at 73; *see also Zelaya-Moreno v. Wilkinson*, 989 F.3d 190, 203 (2d Cir. 2021) (concluding that opposition to gangs does not constitute a political opinion absent evidence of a "disagreement with the policies they seek to impose []or any ideology they espouse"). Substantial evidence also supports the IJ's determination that the record does not support a finding that the unnerving incident where a driver on the road cut Ventura off established the gang's desire to specifically target her.

Because Petitioners failed to establish a well-founded fear or likelihood of future persecution on account of a protected ground, the agency correctly adjudicated them ineligible for asylum or withholding of removal. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A); 8 C.F.R. § 1208.16(b)(1)(i), (2).

Unlike asylum and withholding of removal, protection under the CAT does not require a nexus to a protected ground. *See* 8 C.F.R. §§ 1208.16(c), 1208.17(a). Nevertheless, applicants for CAT relief have the added burden of showing that they would "more likely than not" be tortured by or with the acquiescence of government officials. 8 C.F.R. §§ 1208.16(c), 1208.18(a).

The agency reasonably concluded that Ventura did not establish that government officials would acquiesce in any future torture by her rapist, as they had successfully prosecuted him for raping her in 1997. *See* 8 C.F.R. § 1208.18(a)(7); *Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004) (discussing the acquiescence requirement). The agency also reasonably concluded that Petitioners failed to show that gang members would likely torture them given that Ramos-Ventura and Argueta-Ventura were not previously personally targeted for gang recruitment.

There is also no merit to Petitioners' claim that the IJ violated their due process rights by depriving them of an opportunity to present their expert witness's testimony. "To establish a violation of due process, an alien must show that she was denied a full and fair opportunity to present her claims or that the IJ or BIA otherwise deprived her of fundamental fairness." *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (quotation marks omitted). At the end of direct examination, Petitioners' attorney called their expert witness via telephone to convey, on the advice of the IJ, that they might not need his testimony but that they would not know until the end of cross-examination. After cross-examination, the IJ attempted to call the expert three times, but he did not answer the phone, and as a result he did not testify. This record does not establish that the IJ deprived Petitioners the opportunity to present their witness's testimony. *See id.*

5

For the foregoing reasons, the petition for review is **DENIED**.    All pending motions and applications are **DENIED** and stays **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court